Filed 5/13/24  In re T.H. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.H. et al., Persons Coming Under the Juvenile Court Law. | B333192 (Los Angeles County Super. Ct. No. 22CCJP01591C–F) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>Y.H. et al.,<br><br>        Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Jean M. Nelson, Judge. Conditionally affirmed and remanded.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant Y.H.

Suzanne M. Nicholson, under appointment by the Court of Appeal, for Defendant and Appellant T.S.

Dawyn R. Harrison, County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Y.H. (father) and T.S. (mother) appeal from the juvenile court's orders terminating parental rights to T.H., C.H., A.H., and L.H. (the children) pursuant to Welfare and Institutions Code section 366.26.[1] We conditionally affirm and remand.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

The parents contend the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). According to the parents, the Department failed to comply with its initial duty to interview extended paternal family members regarding ICWA, including paternal relatives whom father identified—paternal grandmother (no name provided) and two paternal aunts (Claudia and Rosalinda).

The Department concedes error and requests that we conditionally affirm the orders terminating parental rights to the children and remand the matter for additional initial inquiry of paternal relatives regarding the children's possible Native American ancestry.

We agree with the parties that this case involves reversible error because there was noncompliance with the inquiry requirements of ICWA and related California law. (See *In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) Specifically, there is no indication in the record that the Department interviewed any paternal relatives apart from father, who denied Indian ancestry, concerning the children's possible Indian ancestry. The Department failed to fulfill its initial duty of inquiry under ICWA. We will therefore conditionally affirm and remand for further proceedings.

3

## DISPOSITION

The juvenile court's orders terminating parental rights to the children under section 366.26 are conditionally affirmed and remanded for further proceedings required by this opinion. The court shall order the Department to make reasonable efforts to: (1) interview all available extended paternal family members about the possibility of the children's Indian ancestry, including paternal grandmother and paternal aunts Claudia and Rosalinda and (2) report on the results of those efforts. Nothing in this disposition precludes the court from ordering an initial inquiry of additional family members or others having an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the orders terminating parental rights are to be reinstated. If additional inquiry or notice is warranted, the court shall make all

necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.